UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

H.P. and M.P., individually and on behalf of L.P.,
a child with a disability,
                              *Plaintiffs,*                                    COMPLAINT
        -against-
                                                                               Civ. _____
NEW YORK CITY DEPARTMENT OF EDUCATION,
                    *Defendant.*
_____

   H.P. and M.P. (Plaintiffs or Parents) individually and on behalf of L.P., a child with a disability, by and through their attorneys, RATCLIFF LAW, PLLC, for their complaint hereby allege:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code, Section 1983 to redress the denial to Plaintiffs by Defendant of protected liberty interests and rights without due process of law.

3. Plaintiffs reside in the County of New York, State of New York.

4. Plaintiff L.P. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5. H.P. and M.P. are the parents of L.P. as defined by IDEA, 20 U.S.C. § 1401(23).

6. Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION, is a local educational agency as defined by IDEA, 20 U.S.C. § 1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 et seq., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Order under 42 U.S.C. § 1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, inter alia, the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND—CASE NO. 180448

10. L.P. was born in 2012.

11. L.P. was classified as a student with multiple disabilities by defendant's committee on special education (CSE).

12. By due process complaint (DPC) to the defendant dated December 12, 2018, Plaintiffs demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13. Plaintiffs' DPC demanded, inter alia, a finding that Defendant did not provide L.P. with a free appropriate public education (FAPE) pursuant to IDEA.

14. The hearing request demanded, among other things, that the Plaintiffs H.P. and M.P. be reimbursed for L.P.'s 2018-2019 tuition at Manhattan Star Academy.

15. This case was assigned Impartial Hearing Office Case Number 180448.

16. The Defendant appointed Vanessa M. Gronbach, Esq., as impartial hearing officer (IHO).

17. An impartial due process hearing was held for Plaintiffs on June 3, 2019.

18. On September 3, 2019, IHO Gronbach issued a Findings of Fact and Decision (the "Order") directing that Defendant shall: (a) Fund the cost tuition at Manhattan Star Academy for the 2018-2019 school-year; (b) Provide special transportation to and from the Manhattan Star Academy, specifically, limited travel time (not to exceed 60 minutes) in an air conditioned minibus with a car seat; and (c) Fund an independent neuro-psychological evaluation for L.P., to be provided by a provider of the Parent's choosing.

19. Defendant has not complied with the terms of the Order within the mandated 35 days as Defendant has not funded the cost of L.P.'s tuition at Manhattan Star Academy for the 2018-2019 school year, or funded an independent neuro-psychological evaluation for L.P.

20. On October 30, 2019, Plaintiffs, through their counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

21. As of the date of this complaint, Defendant has failed to settle the attorneys' fees in this matter, or to even make an initial offer.

FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if more fully set forth herein.

23. Plaintiffs H.P. and M.P. initiated an impartial hearing on behalf of L.P. styled case number 180448.

24. Plaintiffs H.P. and M.P. prevailed at the impartial hearing by obtaining a decision and order from the impartial hearing officer ordering the relief demanded by Plaintiffs H.P. and M.P.

25. Plaintiffs H.P. and M.P. having prevailed in the underlying proceedings hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as if more fully set forth herein.

27. Defendant has not complied with the terms of the IHO's order in case number 180448.

28. Specifically, Defendant has failed to fund the cost of L.P.'s 2018-2019 tuition at Manhattan Star Academy, or fund an independent neuro-psychological evaluation for L.P.

29. Defendant has, under color of law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

30. Plaintiffs seek equitable relief pursuant to 42 U.S.C. § 1983. See *Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); see also *Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, Plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); contra *A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

31. Specifically, Plaintiffs seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including immediate funding of L.P.'s 2018-2019 tuition at Manhattan Star Academy, and an independent neuro-psychological evaluation for L.P.

## THIRD CAUSE OF ACTION

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as if more fully set forth herein.

33. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

34. The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See e.g.*, *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

35. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all the terms of the IHO's order.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Issue an order directing the Defendant to comply with the IHO Gronbach's order to: (a) reimburse Plaintiffs the amount of L.P.'s 2018-2019 tuition at Manhattan Star Academy; (b) provide L.P. special transportation to and from the Manhattan Star Academy, specifically, limited travel time (not to exceed 60 minutes) in an air conditioned minibus with a car seat; and (c) fund an independent neuro-psychological evaluation for L.P., to be performed by a provider of the Plaintiff's choosing, at market rate.

(3) Award the Plaintiffs, costs, expenses and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(4) Award the Plaintiffs, costs, expenses and attorneys' fees for the administrative proceedings pursuant to 20 U.S.C. § 1415;

(5) Award the Plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(6) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 1, 2020

Yours etc.,

s/ Jennifer Ratcliff

_____

RATCLIFF LAW, PLLC
Jennifer Ratcliff, Esq.
*Attorneys for Plaintiffs*
300 Park Ave., 12th Floor
New York, New York 10022
(646) 741-3030
jennifer@ratclifflaw.org